# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| GERSON HIDALGO ALFARO | ) | Case No. 21-mj-2014 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 25, 2021__ in the county of __Davidson__ in the __Middle__ District of __Tennessee__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(o) and | Illegal Possession of a Machine Gun; and |
| 26 U.S.C. § 5861(d) | Receipt or Possession of an Unregistered Firearm |

This criminal complaint is based on these facts:

See Attached statement in support of complaint

☑ Continued on the attached sheet.

/s/ Adrienne Martinez
*Complainant's signature*

ATF SA Adrienne Martinez
*Printed name and title*

Sworn to me remotely by telephone, in compliance with Fed. R. Crim. P. 4.1.

Date: September 20, 2021

*Judge's signature*

City and state: Nashville, Tennessee

Magistrate Judge Jeffery S. Frensley
*Printed name and title*

# STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT

I, Adrienne N. Martinez, a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed since 2018. As an ATF Agent, I have attended training at the Federal Law Enforcement Training Center in Brunswick, Georgia. Prior to my employment with ATF, I was a police officer in Sterling, Illinois, for the Sterling Police Department for five (5) years. I have been trained in conducting investigations into violations of the Federal firearms laws, the Controlled Substances Act, and other violations of Federal law, including gang, racketeering, and violence-related offenses.

2. As a result of my assignments, I have received specialized training in the field of firearms, narcotics, and violent criminal investigations. I am familiar with the methods of operation employed by firearms and narcotics traffickers, as well as violent offenders operating at the local, state, national, and international levels, including those involving the use, distribution, storage, and transportation of firearms and illegal firearm purchases.

3. I make this affidavit in support of a Criminal Complaint and seeking an arrest warrant for Gerson HIDALGO ALFARO (hereinafter referred to as HIDALGO), for the Unlawful Possession of a Machinegun in violation of Title 18, United States Code, Section 922(o), and Unlawful Possession of a Firearm, Machinegun, not registered in the ATF National Firearms Registration and Transfer Record (NFRTR) in violation of Title 26, United States Code, Section 5861(d).

4. The facts in this affidavit come from my personal observations, my training and experience, information obtained from other agents, local law enforcement officers, and confidential informant(s). I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation, from discussions with other agents of the ATF and other law enforcement agencies, and from my review of records and reports relating to the investigation. This affidavit is intended to show merely that there is sufficient probable cause for the arrest of HIDALGO and does not set forth all of my knowledge about this matter.

5. Section 26 U.S.C. § 5845(b) defines a Machinegun as "…any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun…" A Glock conversion device – commonly referred to as "Glock Switch" or "Glock Auto Sear" – is a part, or combination of parts, designed and intended for use in converting a semiautomatic Glock pistol into a machinegun; therefore, a "Glock Switch" is a "machinegun." And a machinegun falls within the definition of a firearm as that term is defined in the National Firearms Act (NFA), 26 U.S.C. § 5845(a)(6).

## **Probable Cause**

6. On or about May 25, 2021, ATF Agents met with a confidential informant (CI), the CI had previously arranged to purchase six (6) Glock auto sears (AKA Glock switches) from HIDALGO for $4,200. The CI had previously positively identified a known photograph of HIDALGO. The CI communicated with HIDALGO through SnapChat to arrange the meeting. Law enforcement personnel with the ATF, DEA, Tennessee Bureau of Investigations (TBI) and Metropolitan Nashville Police Department (MNPD) conducted surveillance of HIDALGO and the vehicle utilized by HIDALGO before, during, and after the controlled purchase. This vehicle

was a Mitsubishi Lancer, registered to HIDALGO. Agents utilized the CI to conduct a controlled purchase of six (6) Glock auto sears from HIDALGO. The CI was issued covert recording and transmitting devices as well as law enforcement funds. Agents searched the CI's person and CI's vehicle before and after the controlled purchase and both were found to be free of contraband. ATF Agents and other law enforcement personnel monitored the controlled purchase via visual surveillance and covert audio transmitters. The CI met with HIDALGO in a parking lot of a business establishment located in Antioch, Tennessee, which is located within the Middle District of Tennessee. The CI purchased the suspected Glock auto sears for $4,200. The CI was followed by law enforcement to a predetermined meeting location. The CI provided ATF Agents with six (6) suspected Glock auto sears. The suspected Glock auto sears were entered into evidence at the ATF Nashville Field Office.

7. The purchased Glock auto sears were sent for analysis/determination to ATF's Firearms Technology Criminal Branch (FTCB). The technical examination report results indicated the following for each exhibit, "[each] Exhibit … is a metal back-plate unit that is dimensionally configured as a drop-in replacement part for the polymer slide cover plate of a Glock pistol. The subject device is designed to convert a semiautomatic, Glock-type pistol into a machinegun…" The report further stated, "[each] Exhibit incorporates a metal "leg" designed to override the trigger bar to prevent it from capturing the firing pin during the firing cycle of operation." "Although [each] Exhibit … bears a counterfeit Glock logo and is designed for use with a Glock pistol, neither Glock GmbH of Austria nor Glock USA ever manufactured such a device…" The Glock auto sears were test-fired and the findings were that, "[each] Exhibit … is a combination of parts designed and intended for use in converting a weapon into a machinegun; thus, Exhibit … is a "machinegun" as defined in 26 U.S.C. § 5845(b)". The report further stated,

"Exhibits … are each also a "machinegun" as defined in 18 U.S.C. § 921(a)(23)", "Exhibits…, each being a machinegun, are also a "firearm" as defined in 26 U.S.C. § 5845(a)(6)" and "Exhibits … each bear no manufacturer or maker's marks of identification or serial number as required by 26 U.S.C. § 5842."

8. I previously reviewed information received from ATF's National Firearms Act (NFA) Division Government Support Branch indicating that there were **no** records related to HIDALGO within the National Firearms Registration and Transfer Record (NFRTR). According to Title 26 United States Code, Section 5841, the NFRTR is: the central registry of all NFA firearms in the U.S. which are not in the possession or under the control of the U.S. Government. The registry includes (1) the identification of the firearm, (2) date of registration, and (3) identification and address of the person entitled to possession of the firearm (the person to whom the firearm is registered). Furthermore, Title 26 United States Code, Section 5861(d) states: "It shall be unlawful for any person – to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record…"

9. All the described events occurred in Rutherford and Davidson Counties, which is located in the Middle District of Tennessee.

10. Based on the foregoing facts, I submit that there is probable cause to believe that Gerson HIDALGO has committed the offenses of Unlawful Possession of a Machinegun in violation of Title 18, United States Code, Section 922(o), and Unlawful Possession of a Firearm, Machinegun, not registered in the ATF National Firearms Registration and Transfer Record (NFRTR) in violation of Title 26, United States Code, Section 5861(d).